United States Courts
Southern District of Texas
FILED

JAN 16 2020

David J. Bradley, Clerk of Court

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA § | |
| § | |
| v. § | CASE NO. 4:19-cr-719-S1 |
| § | |
| CHARLES McCREARY, JR. § | |
| CHRISTOPHER McINTOSH § | UNDER SEAL |
| JASON BROWN § | |
| MICHAEL GOODWIN § | |
| MATTHEW DOWELL § | |
| SCOT FUCITO § | |
| ▇▇▇▇▇▇▇▇▇▇▇▇▇ § | |
| JOHN DOE 1 ▇▇▇▇▇▇▇ § | |
| § | |

## SUPERSEDING CRIMINAL INDICTMENT

THE GRAND JURY CHARGES THAT:

### INTRODUCTION

At all times material to this Indictment:

1. The term "minor" is defined, pursuant to Title 18, United States Code, Section 2256(1), as "any person under the age of eighteen years."

2. The term "child pornography," for purposes of this Indictment, is defined, pursuant to Title 18, United States Code, Section 2256(8)(A), as:

> "any visual depiction, including any photograph, film, video, picture, or computer or computer-generated image or picture, whether made or produced by electronic, mechanical, or other means, of sexually explicit conduct, where -
>
> (A) the production of such visual depiction involves the use of a minor engaged in sexually explicit conduct."

3. The term "sexually explicit conduct" is defined, pursuant to Title 18, United States Code, Section 2256(2)(A), as any:

> "actual or simulated -
> (i) sexual intercourse, including genital [to] genital, oral [to] genital, anal [to] genital, or oral [to] anal, whether between persons of the same or opposite sex; [or]
> (ii) bestiality; [or]
> (iii) masturbation; [or]
> (iv) sadistic or masochistic abuse; or
> (v) [the] lascivious exhibition of the genitals, or pubic area of any person."

4. The term "computer" is defined, pursuant to Title 18, United States Code, Sections 2256(6) and 1030(e)(1), as any:

> "electronic, magnetic, optical, electrochemical, or other high speed data processing device performing logical, arithmetic, or storage functions, and includes any data storage facility or communications facility directly related to or operating in conjunction with such device, but such term does not include an automated typewriter or typesetter, a portable hand held calculator or other similar device."

5. The term "visual depiction" is defined, pursuant to Title 18, United States Code, Section 2256(5), as including, but is not limited to, any:

> "undeveloped film and videotape, and data stored on computer disk or by electronic means which is capable of conversion into a visual image."

## COUNT ONE
**(Conspiracy to Receive and Distribute Child Pornography)**

From a date unknown to the Grand Jury but beginning no later than on or about April 24, 2017, through at least on or about August 28, 2019, within the Southern District of Texas and elsewhere,

CHARLES McCREARY, JR.
CHRISTOPHER McINTOSH
JASON BROWN
MICHAEL GOODWIN
MATTHEW DOWELL

2

SCOT FUCITO

JOHN DOE 1

defendants herein, and others known and unknown to the Grand Jury, did knowingly conspire with each other, and with others known and unknown to the Grand Jury, to receive and distribute: (1) any child pornography using any means and facility of interstate and foreign commerce and that has been mailed, and has been shipped and transported in and affecting interstate and foreign commerce by any means, including by computer; and (2) any material that contains child pornography using any means and facility of interstate and foreign commerce and that has been mailed, and has been shipped and transported in and affecting interstate and foreign commerce by any means, including by computer.

In violation of Title 18, United States Code, Section 2252A(a)(2) and Section 2252A(b)(1).

## COUNT TWO
(Conspiracy to Advertise Child Pornography)

From a date unknown to the Grand Jury but beginning no later than on or about April 24, 2017, through at least on or about August 28, 2019, within the Southern District of Texas and elsewhere,

CHARLES McCREARY, JR.
CHRISTOPHER McINTOSH
JASON BROWN
MICHAEL GOODWIN
MATTHEW DOWELL

JOHN DOE 1

defendants herein, and others known and unknown to the Grand Jury, did knowingly conspire with

each other, and with others known and unknown to the Grand Jury, to make, print and publish, and cause to be made, printed and published, any notice and advertisement seeking and offering to receive, exchange, buy, produce, display, distribute and reproduce, any visual depiction, the production of which visual depiction involved the use of a minor engaging in sexually explicit conduct and such visual depiction was of such conduct; knowing and having reason to know that such notice and advertisement would be transported using any means and facility of interstate and foreign commerce and in and affecting interstate and foreign commerce by any means, including by computer, and such notice and advertisement was transported using any means and facility of interstate and foreign commerce and in and affecting interstate and foreign commerce by any means, including by computer.

In violation of Title 18, United States Code, Section 2251(d) and (e).

## COUNT THREE
### (Penalties for Registered Sex Offenders)

From a date unknown to the Grand Jury but beginning no later than on or about April 24, 2017, through on or about August 28, 2019, within the Southern District of Texas,

**CHARLES McCREARY, JR.,**

defendant herein, being an individual who is required by Federal or other law to register as a sex offender, did commit a felony offense involving a minor under Title 18, United States Code, Section 2251, as charged in Count Two of this Indictment.

In violation of Title 18 United States Code Section 2260A.

## NOTICE OF FORFEITURE
## 18 U.S.C. § 2253(a)

Pursuant to Title 18, United States Code, Section 2253(a)(2) and (a)(3), the United States gives the defendants notice that in the event of conviction for the offense charged in Counts One and Two of the Indictment, the United States will seek to forfeit all property, real and personal, constituting or traceable to gross profits or other proceeds obtained from the offense charged in Counts One and Two; and all property, real and personal, used or intended to be used to commit or to promote the commission of the offense charged in Counts One and Two, or any property traceable to such property, including, but not limited to, the following:

A black Samsung Galaxy 4 tablet s/n R52M3015H3D;

A black NuVision tablet model no. NES11C432SSA s/n 116NES0689;

A black Acer Aspire E5-575 laptop s/n NXGG5AA006648035BF7600;

A black custom desktop with a Lian Li case;

A Motorola XT1254 droid cell phone s/n ZX1F428KX4;

A Fujitsu 80GB Hard Drive S/N: NW83T6225F95;

A black Kesu External Hard Drive 500GB;

An Apple iPhone 5s (IMEI: 013885008606971);

A Dell Inspiron 3650 laptop S/N: 608TH82;

A black self-built desktop computer with a Lian Li Case;

An Asus EEE laptop S/N: A60AA5371725;

A SanDisk 128GB thumb drive;

A Western Digital external hard drive S/N: WCAV5C367676;

An Acer Chromebook S/N: NXGHJAA009828108937600;

An HP Envy 750-111 S/N: MXX53707J8;

A Black Acer Laptop S/N: 5YX0PAWP;

A Seagate Hard Drive S/N: 5JVJ1xWS;

A Western Digital S/N: WCAT11318379;

A Lenovo Laptop S/N: QB07910369;

A Motorola Droid Model XT 1254 S/N: ZX1F428KX4; and

A Toshiba External Hard Drive S/N Y52FTM0PTTT1.

A True Bill:

ORIGINAL SIGNATURE ON FILE
Grand Jury Foreperson

RYAN K. PATRICK
United States Attorney

By: *Kimberly Ann Leo*
Kimberly Ann Leo
Assistant United States Attorney
713-567-9465